HUNTER v. RAMSAY. (No. 1.)

(Supreme Court, Appellate Division, Second Department. May 14, 1915.)

1. JURY ⊙═▷14—NATURE OF ACTION—LEGAL OR EQUITABLE.

An action ex contractu, based upon an agreement entitling plaintiff to recover one-half of the proceeds of a sale of land, should be tried by the jury; but an action to set aside a conveyance of such land, on the ground that it had been procured by fraud, should be tried by the court.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 40–60, 66–83; Dec. Dig. ⊙═▷14.]

⊙═▷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. CONTRACTS &#9758;337—ACTION FOR BREACH.

    In an action against an administratrix of one who had contracted to share the proceeds of land with plaintiff, if the plaintiff sued the defendant in contract, solely in her representative capacity, to enforce her intestate's agreement to share proceeds, the complaint did not need to state when such proceeds were received by defendant.

    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1682–1690; Dec. Dig. &#9758;337.]

3. PLEADING &#9758;364—MOTION TO STRIKE—ACTION ON CONTRACT—ALLEGATION OF FRAUD.

    In an action ex contractu to recover from an administratrix half of the proceeds of a sale of land, promised to plaintiff by the intestate, allegations that the administratrix caused the property to be deeded to her by fraudulent representations were immaterial, introducing a disturbing issue, and should be stricken out.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1156–1162; Dec. Dig. &#9758;364.]

Appeal from Special Term, Dutchess County.

Action by Carrie R. Hunter against Grace S. Ramsay, individually and as administratrix. From an amended order, defendant appeals. Reversed.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

Jacob H. Shaffer, of New York City (Cornelius A. Baldwin, of New York City, on the brief), for appellant.

George Card, of Poughkeepsie (Walter Farrington, of Poughkeepsie, on the brief), for respondent.

PER CURIAM. [1-3] The case should be tried by a jury, provided the action is based upon a contract which entitles the plaintiff to recover one-half of the proceeds of sale of part of the land. In such case the allegations that the defendant caused the property to be deeded to her by Malcom Ramsay by means of fraudulent representations and contrivances introduces an immaterial and disturbing issue. If, however, the action is for the purpose of setting aside the conveyances to the defendant upon the ground that they were procured by the means stated, the trial should be by the court. If the plaintiff bases the action upon contract, the complaint should be made more definite and certain, as moved, except that it need not be stated when the proceeds of sale were received by defendant. The plaintiff may wish to amend her complaint, and may do so. In that case the defendant may have the usual time to move or to plead. If the complaint shall not be amended, the motion to strike out the allegations of fraud is granted as moved, as well as the motion to make the complaint more definite and certain as to the agreement, as above limited. Costs are not allowed to either party.

Order reversed, without costs, and motion granted, without costs.

THOMAS, J., not voting.

&#9758;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes